UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DESTINY WASHINGTON, DEVIN HAZEL, and DORIS ALEXANDER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & WALES UNIVERSITY, <br><br> Defendant. | ) ) ) ) ) Case No. 1:20-cv-00246-JJM-LDA ) ) ) ) ) ) ) ) ) |

**DEFENDANT JOHNSON & WALES UNIVERSITY'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY IN RESPONSE TO COURT QUESTION</u>**

Defendant Johnson & Wales University ("JWU") respectfully submits this notice of supplemental authority to address a question that the Court raised during the hearing on the motion to dismiss in this case, held on January 25, 2021.  The Court posed the hypothetical question whether, if statements on a website cannot form a contract with university students, the absence of a contract remedy would mean that "colleges can say anything they want on their website and they have no responsibility for anything they say or any representations they make?"  Tr. 62:5-8.  Counsel for JWU answered that they could not, noting the existence of "false advertising" claims (which plaintiffs do not, and could not, allege).  *Id*. at 63:15-21.  In addition to such available remedies, JWU respectfully invites the Court's attention to the federal law and regulations by which Congress and the Department of Education expressly prohibit institutions of higher education from making material misrepresentations, on risk of substantial monetary fines and/or loss of federal funding that is vital for most colleges and universities to function. *See, e.g.*, 20 U.S.C. 1094(c)(3)(A), (B); 34 C.F.R. § 668.71 *et seq.*; 668.84; 685.206(e)(2), (e)(3), (e)(16);

1

685.222(d), (e)(7), (h)(5) (attached as Exhibits 1-5). These and a panoply of other legal provisions make educational institutions among the most regulated in the country and confirm that the answer to the Court's hypothetical question is a resounding "No."

DATED: February 3, 2021            Respectfully submitted,

By */s/ Robert Clark Corrente*
Robert Clark Corrente (#2632)
Joseph D. Whelan (#5694)
Christopher N. Dawson (#8508)
WHELAN CORRENTE & FLANDERS LLP
100 Westminster Street, Suite 710
Providence, RI 02903
Telephone: (401) 270-4500
rcorrente@whelancorrente.com
jwhelan@whelancorrente.com
cdawson@whelancorrente.com

-and-

*/s/ Crystal Nix-Hines*
Crystal Nix-Hines (*pro hac vice*)
Kathleen M. Sullivan (*pro hac vice*)
Shon Morgan (*pro hac vice*)
Scott Mills (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
crystalnixhines@quinnemanuel.com
kathleensullivan@quinnemanuel.com
shonmorgan@quinnemanuel.com
scottmills@quinnemanuel.com

*Attorneys for Defendant*
*Johnson & Wales University*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Supplemental Authority in Response to Court Question was served on all counsel of record on February 3, 2021, using the Court's CM/ECF system, which will send a notification of such filing.

*/s/ Crystal Nix-Hines*
Crystal Nix-Hines