# EXHIBIT 3

Code of Federal Regulations
　Title 34. Education
　　Subtitle B. Regulations of the Offices of the Department of Education
　　　Chapter VI. Office of Postsecondary Education, Department of Education
　　　　Part 668. Student Assistance General Provisions (Refs & Annos)
　　　　　Subpart G. Fine, Limitation, Suspension and Termination Proceedings (Refs & Annos)

34 C.F.R. § 668.84

§ 668.84 Fine proceedings.

Effective: January 14, 2020
Currentness

(a) Scope and consequences.

(1) The Secretary may impose a fine of up to $58,328 [1] per violation on a participating institution or third-party servicer that—

(i) Violates any statutory provision of or applicable to Title IV of the HEA, any regulatory provision prescribed under that statutory authority, or any applicable special arrangement, agreement, or limitation entered into under the authority of statutes applicable to Title IV of the HEA; or

(ii) Substantially misrepresents the nature of—

(A) In the case of an institution, its educational program, its financial charges, or the employability of its graduates; or

(B) In the case of a third-party servicer, as applicable, the educational program, financial charges, or employability of the graduates of any institution that contracts with the servicer.

(2) If the Secretary begins a fine proceeding against a third-party servicer, the Secretary also may begin a fine, limitation, suspension, or termination proceeding against any institution under whose contract a third-party servicer commits the violation.

(b) Procedures.

(1) A designated department official begins a fine proceeding by sending the institution or servicer, as applicable, a notice by certified mail, return receipt requested. In the case of a fine proceeding against a third-party servicer, the official also sends the notice to each institution that is affected by the alleged violations identified as the basis for the fine action, and, to the extent possible, to each institution that contracts with the servicer for the same service affected by the violation. This notice—

(i) Informs the institution or servicer of the Secretary's intent to fine the institution or servicer, as applicable, and the amount of the fine and identifies the alleged violations that constitute the basis for the action;

(ii) Specifies the proposed effective date of the fine, which is at least 20 days from mailing of the notice of intent;

(iii) Informs the institution or servicer that the fine will not be effective on the date specified in the notice if the designated department official receives from the institution or servicer, as applicable, by that date a written request for a hearing or written material indicating why the fine should not be imposed; and

(iv) In the case of a fine proceeding against a third-party servicer, informs each institution that is affected by the alleged violations of the consequences of the action to the institution.

(2) If the institution or servicer does not request a hearing but submits written material, the designated department official, after considering that material, notifies the institution or, in the case of a third-party servicer, the servicer and each institution affected by the alleged violations that—

(i) The fine will not be imposed; or

(ii) The fine is imposed as of a specified date, and in a specified amount.

(3) If the institution or servicer requests a hearing by the time specified in paragraph (b)(1)(iii) of this section, the designated department official transmits the request for hearing and response to the Office of Hearings and Appeals, which sets the date and the place. The date is at least 15 days after the designated department official receives the request.

(4) A hearing official conducts a hearing in accordance with § 668.89.

(c) Expedited proceedings. With the approval of the hearing official and the consent of the designated department official and the institution or servicer, any time schedule specified in this section may be shortened.

(Authority: 20 U.S.C. 1094)

**Credits**
[57 FR 47753, 47754, Oct. 19, 1992; 58 FR 36870, July 9, 1993; 59 FR 22446, April 29, 1994; 59 FR 32657, June 24, 1994; 67 FR 69655, Nov. 18, 2002; 82 FR 6257, Jan. 19, 2017; 83 FR 2065, Jan. 16, 2018; 84 FR 974, Feb. 1, 2019; 85 FR 2036, Jan. 14, 2020]

SOURCE: 45 FR 86855, Dec. 31, 1980; 50 FR 26953, June 28, 1985; 51 FR 8948, March 14, 1986; 51 FR 29398, Aug. 15, 1986; 51 FR 43325, Dec. 1, 1986; 56 FR 61337, Dec. 2, 1991; 59 FR 21866, April 26, 1994; 59 FR 22318, 22418, April 29, 1994; 60 FR 61433, Nov. 29, 1995; 64 FR 57358, Oct. 22, 1999; 64 FR 58617, Oct. 29, 1999; 64 FR 59037, 59066, Nov. 1,

1999; 65 FR 38729, June 22, 2000; 65 FR 65637, 65674, Nov. 1, 2000; 68 FR 66615, Nov. 26, 2003; 73 FR 35492, June 23, 2008; 78 FR 48050, Aug. 7, 2013; 80 FR 67193, Oct. 30, 2015; 81 FR 76070, Nov. 1, 2016; 82 FR 31913, July 11, 2017; 84 FR 49909, Sept. 23, 2019, unless otherwise noted.

AUTHORITY: 20 U.S.C. 1001–1003, 1070g, 1085, 1088, 1091, 1092, 1094, 1099c, 1099c–1, 1221–3, and 1231a, unless otherwise noted.; Section 668.14 also issued under 20 U.S.C. 1085, 1088, 1091, 1092, 1094, 1099a–3, 1099c, and 1141.; Section 668.41 also issued under 20 U.S.C. 1092, 1094, 1099c.; Section 668.91 also issued under 20 U.S.C. 1082, 1094.; Section 668.171 also issued under 20 U.S.C. 1094 and 1099c and section 4 of Pub.L. 95–452, 92 Stat. 1101–1109.; Section 668.172 also issued under 20 U.S.C. 1094 and 1099c and section 4 of Pub.L. 95–452, 92 Stat. 1101–1109.; Section 668.175 also issued under 20 U.S.C. 1094 and 1099c.

Notes of Decisions (1)

Current through January 28, 2021; 86 FR 7351

## Footnotes

1    As adjusted in accordance with the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended (28 U.S.C. 2461 note).

**End of Document**    © 2021 Thomson Reuters. No claim to original U.S. Government Works.