# EXHIBIT 4

Code of Federal Regulations
  Title 34. Education
    Subtitle B. Regulations of the Offices of the Department of Education
      Chapter VI. Office of Postsecondary Education, Department of Education
        Part 685. William D. Ford Federal Direct Loan Program (Refs & Annos)
          Subpart B. Borrower Provisions

34 C.F.R. § 685.206

§ 685.206 Borrower responsibilities and defenses.

Effective: July 1, 2020
Currentness

(a) The borrower must give the school the following information as part of the origination process for a Direct Subsidized, Direct Unsubsidized, or Direct PLUS Loan:

> (1) A statement, as described in 34 CFR part 668, that the loan will be used for the cost of the student's attendance.

> (2) Information demonstrating that the borrower is eligible for the loan.

> (3) Information concerning the outstanding FFEL Program and Direct Loan Program loans of the borrower and, for a parent borrower, of the student, including any Federal Consolidation Loan or Direct Consolidation Loan.

> (4) A statement authorizing the school to release to the Secretary information relevant to the student's eligibility to borrow or to have a parent borrow on the student's behalf (e.g., the student's enrollment status, financial assistance, and employment records).

(b)(1) The borrower must promptly notify the Secretary of any change of name, address, student status to less than half-time, employer, or employer's address; and

> (2) The borrower must promptly notify the school of any change in address during enrollment.

(c) Borrower defense to repayment for loans first disbursed prior to July 1, 2017.

> (1) For loans first disbursed prior to July 1, 2017, the borrower may assert a borrower defense under this paragraph. A "borrower defense" refers to any act or omission of the school attended by the student that relates to the making of the loan for enrollment at the school or the provision of educational services for which the loan was provided that would give rise to a cause of action against the school under applicable State law, and includes one or both of the following:

>> (i) A defense to repayment of amounts owed to the Secretary on a Direct Loan, in whole or in part.

(ii) A claim to recover amounts previously collected by the Secretary on the Direct Loan, in whole or in part.

(2) The order of objections for defaulted Direct Loans are as described in § 685.222(a)(6). A borrower defense claim under this section must be asserted, and will be resolved, under the procedures in § 685.222(e) to (k).

(3) For an approved borrower defense under this section, except as provided in paragraph (c)(4) of this section, the Secretary may initiate an appropriate proceeding to collect from the school whose act or omission resulted in the borrower defense the amount of relief arising from the borrower defense, within the later of—

(i) Three years from the end of the last award year in which the student attended the institution; or

(ii) The limitation period that State law would apply to an action by the borrower to recover on the cause of action on which the borrower defense is based.

(4) The Secretary may initiate a proceeding to collect at any time if the institution received notice of the claim before the end of the later of the periods described in paragraph (c)(3) of this section. For purposes of this paragraph, notice includes receipt of—

(i) Actual notice from the borrower, from a representative of the borrower, or from the Department;

(ii) A class action complaint asserting relief for a class that may include the borrower; and

(iii) Written notice, including a civil investigative demand or other written demand for information, from a Federal or State agency that has power to initiate an investigation into conduct of the school relating to specific programs, periods, or practices that may have affected the borrower.

(d) *Borrower defense to repayment for loans first disbursed on or after July 1, 2017, and before July 1, 2020.* For borrower defense to repayment for loans first disbursed on or after July 1, 2017, and before July 1, 2020, a borrower asserts and the Secretary considers a borrower defense in accordance with § 685.222.

(e) *Borrower defense to repayment for loans first disbursed on or after July 1, 2020.* This paragraph (e) applies to borrower defense to repayment for loans first disbursed on or after July 1, 2020.

(1) *Definitions.* For the purposes of this paragraph (e), the following definitions apply:

(i) A "Direct Loan" means a Direct Subsidized Loan, a Direct Unsubsidized Loan, or a Direct PLUS Loan.

(ii) "Borrower" means

(A) The borrower; and

(B) In the case of a Direct PLUS Loan, any endorsers, and for a Direct PLUS Loan made to a parent, the student on whose behalf the parent borrowed.

(iii) A "borrower defense to repayment" includes—

(A) A defense to repayment of amounts owed to the Secretary on a Direct Loan, or a Direct Consolidation Loan that was used to repay a Direct Loan, FFEL Program Loan, Federal Perkins Loan, Health Professions Student Loan, Loan for Disadvantaged Students under subpart II of part A of title VII of the Public Health Service Act, Health Education Assistance Loan, or Nursing Loan made under part E of the Public Health Service Act; and

(B) Any accompanying request for reimbursement of payments previously made to the Secretary on the Direct Loan or on a loan repaid by the Direct Consolidation Loan.

(iv) The term "provision of educational services" refers to the educational resources provided by the institution that are required by an accreditation agency or a State licensing or authorizing agency for the completion of the student's educational program.

(v) The terms "school" and "institution" may be used interchangeably and include an eligible institution, one of its representatives, or any ineligible institution, organization, or person with whom the eligible institution has an agreement to provide educational programs, or to provide marketing, advertising, recruiting, or admissions services.

(2) Federal standard for loans first disbursed on or after July 1, 2020. For a Direct Loan or Direct Consolidation Loan first disbursed on or after July 1, 2020, a borrower may assert a defense to repayment under this paragraph (e), if the borrower establishes by a preponderance of the evidence that—

(i) The institution at which the borrower enrolled made a misrepresentation, as defined in § 685.206(e)(3), of material fact upon which the borrower reasonably relied in deciding to obtain a Direct Loan, or a loan repaid by a Direct Consolidation Loan, and that directly and clearly relates to:

(A) Enrollment or continuing enrollment at the institution or

(B) The provision of educational services for which the loan was made; and

(ii) The borrower was financially harmed by the misrepresentation.

(3) Misrepresentation. A "misrepresentation," for purposes of this paragraph (e), is a statement, act, or omission by an eligible school to a borrower that is false, misleading, or deceptive; that was made with knowledge of its false, misleading,

or deceptive nature or with a reckless disregard for the truth; and that directly and clearly relates to enrollment or continuing enrollment at the institution or the provision of educational services for which the loan was made. Evidence that a misrepresentation defined in this paragraph (e) may have occurred includes, but is not limited to:

(i) Actual licensure passage rates materially different from those included in the institution's marketing materials, website, or other communications made to the student;

(ii) Actual employment rates materially different from those included in the institution's marketing materials, website, or other communications made to the student;

(iii) Actual institutional selectivity rates or rankings, student admission profiles, or institutional rankings that are materially different from those included in the institution's marketing materials, website, or other communications made to the student or provided by the institution to national ranking organizations;

(iv) The inclusion in the institution's marketing materials, website, or other communication made to the student of specialized, programmatic, or institutional certifications, accreditation, or approvals not actually obtained, or the failure to remove within a reasonable period of time such certifications or approvals from marketing materials, website, or other communication when revoked or withdrawn;

(v) The inclusion in the institution's marketing materials, website, or other communication made to the student of representations regarding the widespread or general transferability of credits that are only transferrable to limited types of programs or institutions or the transferability of credits to a specific program or institution when no reciprocal agreement exists with another institution or such agreement is materially different than what was represented;

(vi) A representation regarding the employability or specific earnings of graduates without an agreement between the institution and another entity for such employment or sufficient evidence of past employment or earnings to justify such a representation or without citing appropriate national, State, or regional data for earnings in the same field as provided by an appropriate Federal agency that provides such data. (In the event that national data are used, institutions should include a written, plain language disclaimer that national averages may not accurately reflect the earnings of workers in particular parts of the country and may include earners at all stages of their career and not just entry level wages for recent graduates.);

(vii) A representation regarding the availability, amount, or nature of any financial assistance available to students from the institution or any other entity to pay the costs of attendance at the institution that is materially different in availability, amount, or nature from the actual financial assistance available to the borrower from the institution or any other entity to pay the costs of attendance at the institution after enrollment;

(viii) A representation regarding the amount, method, or timing of payment of tuition and fees that the student would be charged for the program that is materially different in amount, method, or timing of payment from the actual tuition and fees charged to the student;

(ix) A representation that the institution, its courses, or programs are endorsed by vocational counselors, high schools, colleges, educational organizations, employment agencies, members of a particular industry, students, former students,

governmental officials, Federal or State agencies, the United States Armed Forces, or other individuals or entities when the institution has no permission or is not otherwise authorized to make or use such an endorsement;

(x) A representation regarding the educational resources provided by the institution that are required for the completion of the student's educational program that are materially different from the institution's actual circumstances at the time the representation is made, such as representations regarding the institution's size; location; facilities; training equipment; or the number, availability, or qualifications of its personnel; and

(xi) A representation regarding the nature or extent of prerequisites for enrollment in a course or program offered by the institution that are materially different from the institution's actual circumstances at the time the representation is made, or that the institution knows will be materially different during the student's anticipated enrollment at the institution.

(4) *Financial harm.* Financial harm is the amount of monetary loss that a borrower incurs as a consequence of a misrepresentation, as defined in § 685.206(e)(3). Financial harm does not include damages for nonmonetary loss, such as personal injury, inconvenience, aggravation, emotional distress, pain and suffering, punitive damages, or opportunity costs. The Department does not consider the act of taking out a Direct Loan or a loan repaid by a Direct Consolidation Loan, alone, as evidence of financial harm to the borrower. Financial harm is such monetary loss that is not predominantly due to intervening local, regional, or national economic or labor market conditions as demonstrated by evidence before the Secretary or provided to the Secretary by the borrower or the school. Financial harm cannot arise from the borrower's voluntary decision to pursue less than full-time work or not to work or result from a voluntary change in occupation. Evidence of financial harm may include, but is not limited to, the following circumstances:

(i) Periods of unemployment upon graduating from the school's programs that are unrelated to national or local economic recessions;

(ii) A significant difference between the amount or nature of the tuition and fees that the institution represented to the borrower that the institution would charge or was charging and the actual amount or nature of the tuition and fees charged by the institution for which the Direct Loan was disbursed or for which a loan repaid by the Direct Consolidation Loan was disbursed;

(iii) The borrower's inability to secure employment in the field of study for which the institution expressly guaranteed employment; and

(iv) The borrower's inability to complete the program because the institution no longer offers a requirement necessary for completion of the program in which the borrower enrolled and the institution did not provide for an acceptable alternative requirement to enable completion of the program.

(5) *Exclusions.* The Secretary will not accept the following as a basis for a borrower defense to repayment—

(i) A violation by the institution of a requirement of the Act or the Department's regulations for a borrower defense to repayment under paragraph (c) or (d) of this section or under § 685.222, unless the violation would otherwise constitute the basis for a successful borrower defense to repayment under this paragraph (e); or

    (ii) A claim that does not directly and clearly relate to enrollment or continuing enrollment at the institution or the provision of educational services for which the loan was made, including, but not limited to—

        (A) Personal injury;

        (B) Sexual harassment;

        (C) A violation of civil rights;

        (D) Slander or defamation;

        (E) Property damage;

        (F) The general quality of the student's education or the reasonableness of an educator's conduct in providing educational services;

        (G) Informal communication from other students;

        (H) Academic disputes and disciplinary matters; and

        (I) Breach of contract, unless the school's act or omission would otherwise constitute the basis for a successful defense to repayment under this paragraph (e).

(6) *Limitations period and tolling of the limitations period for arbitration proceedings.*

(i) A borrower must assert a defense to repayment under this paragraph (e) within three years from the date the student is no longer enrolled at the institution. A borrower may only assert a defense to repayment under this paragraph (e) within the timeframes set forth in § 685.206(e)(6)(i) and (ii) and (e)(7).

(ii) For pre-dispute arbitration agreements, as defined in § 668.41(h)(2)(iii), the limitations period will be tolled for the time period beginning on the date that a written request for arbitration is filed, by either the student or the institution, and concluding on the date the arbitrator submits, in writing, a final decision, final award, or other final determination, to the parties.

(7) *Extension of limitation periods and reopening of applications.* For loans first disbursed on or after July 1, 2020, the Secretary may extend the time period when a borrower may assert a defense to repayment under § 685.206(e)(6) or may reopen a borrower's defense to repayment application to consider evidence that was not previously considered only if there is:

(i) A final, non-default judgment on the merits by a State or Federal Court that has not been appealed or that is not subject to further appeal and that establishes the institution made a misrepresentation, as defined in § 685.206(e)(3); or

(ii) A final decision by a duly appointed arbitrator or arbitration panel that establishes that the institution made a misrepresentation, as defined in § 685.206(e)(3).

(8) Application and Forbearance. To assert a defense to repayment under this paragraph (e), a borrower must submit an application under penalty of perjury on a form approved by the Secretary and sign a waiver permitting the institution to provide the Department with items from the borrower's education record relevant to the defense to repayment claim. The form will note that pursuant to paragraph (b)(6)(i) of this section, if the borrower is not in default on the loan for which a borrower defense has been asserted, the Secretary will grant forbearance and notify the borrower of the option to decline forbearance. The application requires the borrower to—

(i) Certify that the borrower received the proceeds of a loan, in whole or in part, to attend the named institution;

(ii) Provide evidence that supports the borrower defense to repayment application;

(iii) State whether the borrower has made a claim with any other third party, such as the holder of a performance bond, a public fund, or a tuition recovery program, based on the same act or omission of the institution on which the borrower defense to repayment is based;

(iv) State the amount of any payment received by the borrower or credited to the borrower's loan obligation through the third party, in connection with a borrower defense to repayment described in paragraph (e)(2) of this section;

(v) State the financial harm, as defined in paragraph (e)(4) of this section, that the borrower alleges to have been caused and provide any information relevant to assessing whether the borrower incurred financial harm, including providing documentation that the borrower actively pursued employment in the field for which the borrower's education prepared the borrower if the borrower is a recent graduate (failure to provide such information results in a presumption that the borrower failed to actively pursue employment in the field); whether the borrower was terminated or removed for performance reasons from a position in the field for which the borrower's education prepared the borrower, or in a related field; and whether the borrower failed to meet other requirements of or qualifications for employment in such field for reasons unrelated to the school's misrepresentation underlying the borrower defense to repayment, such as the borrower's ability to pass a drug test, satisfy driving record requirements, and meet any health qualifications; and

(vi) State that the borrower understands that in the event that the borrower receives a 100 percent discharge of the balance of the loan for which the defense to repayment application has been submitted, the institution may, if allowed or not prohibited by other applicable law, refuse to verify or to provide an official transcript that verifies the borrower's completion of credits or a credential associated with the discharged loan.

(9) Consideration of order of objections and of evidence in possession of the Secretary.

(i) If the borrower asserts both a borrower defense to repayment and any other objection to an action of the Secretary with regard to a Direct Loan or a loan repaid by a Direct Consolidation Loan, the order in which the Secretary will consider objections, including a borrower defense to repayment, will be determined as appropriate under the circumstances.

(ii) With respect to the borrower defense to repayment application submitted under this paragraph (e), the Secretary may consider evidence otherwise in the possession of the Secretary, including from the Department's internal records or other relevant evidence obtained by the Secretary, as practicable, provided that the Secretary permits the institution and the borrower to review and respond to this evidence and to submit additional evidence.

(10) School response and borrower reply.

(i) Upon receipt of a borrower defense to repayment application under this paragraph (e), the Department will notify the school of the pending application and provide a copy of the borrower's request and any supporting documents, a copy of any evidence otherwise in the possession of the Secretary, and a waiver signed by the student permitting the institution to provide the Department with items from the student's education record relevant to the defense to repayment claim to the school, and invite the school to respond and to submit evidence, within the specified timeframe included in the notice, which shall be no less than 60 days.

(ii) Upon receipt of the school's response, the Department will provide the borrower a copy of the school's submission as well as any evidence otherwise in possession of the Secretary, which was provided to the school, and will give the borrower an opportunity to submit a reply within a specified timeframe, which shall be no less than 60 days. The borrower's reply must be limited to issues and evidence raised in the school's submission and any evidence otherwise in the possession of the Secretary.

(iii) The Department will provide the school a copy of the borrower's reply.

(iv) There will be no other submissions by the borrower or the school to the Secretary, unless the Secretary requests further clarifying information.

(11) Written decision.

(i) After considering the borrower's application and all applicable evidence, the Secretary issues a written decision—

   (A) Notifying the borrower and the school of the decision on the borrower defense to repayment;

   (B) Providing the reasons for the decision; and

   (C) Informing the borrower and the school of the relief, if any, that the borrower will receive, consistent with paragraph (e)(12) of this section, and specifying the relief determination.

(ii) If the Department receives a borrower defense to repayment application that is incomplete and is within the limitations period in § 685.206(e)(6) or (7), the Department will not issue a written decision on the application and instead will notify the borrower in writing that the application is incomplete and will return the application to the borrower.

(12) Borrower defense to repayment relief.

(i) If the Secretary grants the borrower's request for relief based on a borrower defense to repayment under this paragraph (e), the Secretary notifies the borrower and the school that the borrower is relieved of the obligation to repay all or part of the loan and associated costs and fees that the borrower would otherwise be obligated to pay or will be reimbursed for amounts paid toward the loan voluntarily or through enforced collection. The amount of relief that a borrower receives may exceed the amount of financial harm, as defined in § 685.206(e)(4), that the borrower alleges in the application pursuant to § 685.206(e)(8)(v). The Secretary determines the amount of relief and awards relief limited to the monetary loss that a borrower incurred as a consequence of a misrepresentation, as defined in § 685.206(e)(3). The amount of relief cannot exceed the amount of the loan and any associated costs and fees and will be reduced by the amount of refund, reimbursement, indemnification, restitution, compensatory damages, settlement, debt forgiveness, discharge, cancellation, compromise, or any other financial benefit received by, or on behalf of, the borrower that was related to the borrower defense to repayment. In awarding relief, the Secretary considers the borrower's application, as described in § 685.206(e)(8), which includes information about any payments received by the borrower and the financial harm alleged by the borrower. In awarding relief, the Secretary also considers the school's response, the borrower's reply, and any evidence otherwise in the possession of the Secretary, which was previously provided to the borrower and the school, as described in § 685.206(e)(10). The Secretary also updates reports to consumer reporting agencies to which the Secretary previously made adverse credit reports with regard to the borrower's Direct Loan or loans repaid by the borrower's Direct Consolidation Loan.

(ii) The Secretary affords the borrower such further relief as the Secretary determines is appropriate under the circumstances. Further relief may include one or both of the following, if applicable:

(A) Determining that the borrower is not in default on the loan and is eligible to receive assistance under title IV of the Act and

(B) Eliminating or recalculating the subsidized usage period that is associated with the loan or loans discharged pursuant to § 685.200(f)(4)(iii).

(13) Finality of borrower defense to repayment decisions. The determination of a borrower's defense to repayment by the Department included in the written decision referenced in paragraph (e)(11) of this section is the final decision of the Department and is not subject to appeal within the Department.

(14) Cooperation by the borrower. The Secretary may revoke any relief granted to a borrower under this section who refuses to cooperate with the Secretary in any proceeding under paragraph (e) of this section or under 34 CFR part 668, subpart G. Such cooperation includes, but is not limited to—

(i) Providing testimony regarding any representation made by the borrower to support a successful borrower defense to repayment; and

(ii) Producing, within timeframes established by the Secretary, any documentation reasonably available to the borrower with respect to those representations and any sworn statement required by the Secretary with respect to those representations and documents.

(15) Transfer to the Secretary of the borrower's right of recovery against third parties.

(i) Upon the grant of any relief under this paragraph (e), the borrower is deemed to have assigned to, and relinquished in favor of, the Secretary any right to a loan refund (up to the amount discharged) that the borrower may have by contract or applicable law with respect to the loan or the provision of educational services for which the loan was received, against the school, its principals, its affiliates and their successors, or its sureties, and any private fund, including the portion of a public fund that represents funds received from a private party. If the borrower asserts a claim to, and recovers from, a public fund, the Secretary may reinstate the borrower's obligation to repay on the loan an amount based on the amount recovered from the public fund, if the Secretary determines that the borrower's recovery from the public fund was based on the same borrower defense to repayment and for the same loan for which the discharge was granted under this section.

(ii) The provisions of this paragraph (e)(15) apply notwithstanding any provision of State law that would otherwise restrict transfer of those rights by the borrower, limit or prevent a transferee from exercising those rights, or establish procedures or a scheme of distribution that would prejudice the Secretary's ability to recover on those rights.

(iii) Nothing in this paragraph (e)(15) limits or forecloses the borrower's right to pursue legal and equitable relief arising under applicable law against a party described in this paragraph (e)(15) for recovery of any portion of a claim exceeding that assigned to the Secretary or any other claims arising from matters unrelated to the claim on which the loan is discharged.

(16) Recovery from the school.

(i) The Secretary may initiate an appropriate proceeding to require the school whose misrepresentation resulted in the borrower's successful borrower defense to repayment under this paragraph (e) to pay to the Secretary the amount of the loan to which the defense applies in accordance with 34 CFR part 668, subpart G. This paragraph (e)(16) would also be applicable for provisionally certified institutions.

(ii) The Secretary will not initiate such a proceeding more than five years after the date of the final determination included in the written decision referenced in paragraph (e)(11) of this section. The Department will notify the school of the borrower defense to repayment application within 60 days of the date of the Department's receipt of the borrower's application.

(Approved by the Office of Management and Budget under control number 1845–0021)

**Credits**
[60 FR 33345, June 28, 1995; 64 FR 58972, Nov. 1, 1999; 78 FR 65832, Nov. 1, 2013; 81 FR 76080, Nov. 1, 2016; 82 FR 27621, June 16, 2017; 82 FR 49114, Oct. 24, 2017; 83 FR 6459, Feb. 14, 2018; 84 FR 9964, March 19, 2019; 84 FR 49926, Sept. 23, 2019]

SOURCE: 59 FR 61690, Dec. 1, 1994; 61 FR 29899, June 12, 1996; 73 FR 35495, June 23, 2008; 84 FR 49926, Sept. 23, 2019, unless otherwise noted.

AUTHORITY: 20 U.S.C. 1070g, 1087a, et seq., unless otherwise noted.; Section 685.205 also issued under 20 U.S.C. 1087a et seq.; Section 685.206 also issued under 20 U.S.C. 1087a et seq.; Section 685.212 also issued under 20 U.S.C. 1087a et seq.; 28 U.S.C. 2401.; Section 685.214 also issued under 20 U.S.C. 1087a et seq.; Section 685.215 also issued under 20 U.S.C. 1087a et seq.; Section 685.222 also issued under 20 U.S.C. 1087a et seq.; 28 U.S.C. 2401; 31 U.S.C. 3702.; Section 685.300 also issued under 20 U.S.C. 1087a et seq., 1094.; Section 685.304 also issued under 20 U.S.C. 1087a et seq.; Section 685.308 also issued under 20 U.S.C. 1087a et seq.

Notes of Decisions (10)

Current through January 28, 2021; 86 FR 7351

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.